Carl C. DAVIS, Jr., M.D., and Carl C. Davis, Jr., M.D., P.A., Appellants.

v.

The METHODIST HOSPITAL, Appellee.

No. 01–98–00419–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 1, 1999.

David L. Monroe, Houston, for Appellants.

Earnest W. Wotring, Paul E. Stallings, Gwen Samora, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION DISMISSING MOTION FOR REHEARING EN BANC

TIM TAFT, Justice.

Appellant, Carl C. Davis, Jr. (Dr. Davis), has filed a motion for rehearing en banc. We dismiss appellant's motion for rehearing because this Court no longer has jurisdiction over this cause.

### Procedural Background

Dr. Davis brought suit against multiple parties including appellee, Methodist Hospital, alleging libel. Methodist Hospital filed for and was granted summary judgment. Dr. Davis appealed. This Court held that the trial court did not commit error by granting summary judgment for Methodist Hospital on the ground that Methodist Hospital was immune from liability, under the Health Care Quality Improvement Act, for filing the reports. That opinion was issued July 15, 1999. On July 30, 1999, Dr. Davis filed a motion for rehearing with this Court. That motion was denied without an opinion on August 20, 1999. Dr. Davis then filed a motion for rehearing en banc with this Court on September 23, 1999.

### Motion for Rehearing En Banc

A party may file a motion for rehearing within fifteen days after this Court issues its judgment or order. TEX.R.APP. P. 49.1. Dr. Davis timely filed his motion for rehearing on July 30, 1999, the fifteenth day after we issued our opinion. The rules allow a party to bring another motion for rehearing within fifteen days after this Court disposes of a motion for rehearing if this Court "(a) modifies its judgment; (b) vacates its judgment and renders a new judgment; or (c) issues an opinion in overruling a motion for rehearing." TEX.R.APP. P. 49.5. None of these situations applies because this Court simply denied Dr. Davis's motion for rehearing.

A motion for rehearing en banc can be brought before a court of appeals "[w]hile the court of appeals has plenary jurisdiction." TEX.R.APP. P. 49.7. An appellate court's plenary power over its judgment expires "(a) 60 days after judgment if no timely filed motion to extend time or motion for rehearing is then pending; or (b) 30 days after the court overrules all timely filed motions for rehearing and motions to extend time to file a motion for rehearing." TEX.R.APP. P. 19.1. Subsection (a) does not apply because Dr. Davis filed a motion for rehearing. Subsection (b) thus defines the parameters of this Court's plenary jurisdiction over this cause.

This Court overruled Dr. Davis's motion for rehearing on August 20, 1999. Our plenary power expired 30 days after the August 20 ruling, i.e., on September 19, 1999, a Sunday. When computing time under the Texas Rules of Appellate Procedure, if the last day falls on a Saturday, Sunday, or legal holiday, the period is extended to the end of the next day that is not a Saturday, Sunday, or legal holiday. TEX.R.APP. P. 4.1(a). Therefore, this Court's plenary power over its judgment expired on September 20, 1999.[1]

Because this Court's plenary power over this matter ended on September 20, 1999, we have no jurisdiction over this motion filed on September 23, 1999. After our plenary power expires, we cannot vacate or modify our judgment. TEX.R.APP. P. 19.3.

### Conclusion

We dismiss Dr. Davis's motion for rehearing en banc.

A unanimous Court voted to dismiss the motion for rehearing en banc.

---

**1.** Yom Kippur fell on September 20, 1999 this year. Yom Kippur is recognized by the State as a holiday but it carries the status of an optional holiday and is not included as a "legal holiday." TEX. GOV'T CODE ANN. §§ 662.003(c); 662.021 (Vernon 1994). Consequently, this Court's plenary power expired at the end of the day on September 20, 1999.